UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARDIL LINARES,

                Plaintiff,                    **REPORT AND RECOMMENDATION**
                                                                         20 CV 2522 (ENV)(LB)

    -against-

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC and THOMAS C. HIBBARD,

                Defendants.
---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff brings this diversity personal injury action. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed for plaintiff's failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b).

## BACKGROUND

        Plaintiff filed a complaint on June 5, 2020, commencing this action against defendants. ECF No. 1. That same day, the summonses were issued to effect service of process on defendants. ECF No. 5. When plaintiff failed to file proof of service by September 3, 2020, as required by Federal Rule of Civil Procedure 4(m), the Court ordered plaintiff to file proof of service on defendants and warned that if plaintiff failed to file proof of service, the case would be dismissed. See Sept. 25, 2020 Order. On September 25, 2020, plaintiff filed proof that defendant Swift Transportation Co. of Arizona ("Swift") was served on August 29, 2020. ECF No. 6. Plaintiff never filed proof that defendant Hibbard was served with process.

        Since defendant Swift had failed to answer plaintiff's complaint by July 21, 2020, as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i), the Court directed plaintiff to "take

1

appropriate action against defendant by October 20, 2020 or [the Court] shall recommend that this case should be dismissed." See Sept. 29, 2020 Order. Plaintiff has neither moved for entry of default nor taken any further action to prosecute this matter.

**DISCUSSION**

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). The Court may dismiss a case for failure to prosecute sua sponte. O'Rourke v. Nirvana, 19-CV-4711(PAE)(GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020) (Report and Recommendation) adopted by 2020 WL 2133174 (S.D.N.Y. May 5, 2020). The power of a District Court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (internal quotation marks omitted). The Second Circuit counsels that dismissal for lack of prosecution is "harsh" and only appropriate in "'extreme situations.'" Id. at 575–76 (quoting Minnette v. Time Warner, 997 F.2d 1023, 102 (2d Cir. 1993).

A Court considering dismissal for failure to prosecute must consider five factors. Id. at 575. (citing United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). These factors include:

> Whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. (quoting Drake, 375 F.3d 254). A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. O'Rourke, 2020 WL 1198326, at *2. District Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. Id. When a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. See Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008).

Here, plaintiff's failure to prosecute this matter warrants dismissal. Defendant Swift's answer became overdue in July of 2020 and plaintiff has not requested an entry of default or otherwise acted to prosecute this case. The Court warned plaintiff on September 29, 2020 that failure to move for entry of defendant's default by October 20, 2020 would result in dismissal of the action. Plaintiff has failed to take any action to prosecute this case since September 2020.

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d

Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 22, 2021
       Brooklyn, New York

Case 1:20-cv-02522-ENV-LB   Document 7   Filed 03/22/21   Page 4 of 4 PageID #: 24